JOHN HALASY, Administrator of Estate of BRID-
GET A. HALASY et al., v. DANIEL HALASY,
Appellant.

Division One, April 2, 1914.

1. PARTIES PLAINTIFF: Suit to Divest Title: Administrator:
Misjoinder: Demurrer. The joinder, as a party plaintiff, of the
administrator of the estate of a deceased person, whose land
it is alleged was conveyed to defendant at a time when with
his knowledge she was confined in a hospital for the insane,
to set aside which conveyance the suit is brought, is not such
an error as will authorize a reversal of a judgment for plain-
tiffs setting aside the deed, although a demurrer charging mis-
joinder was filed, the heirs of said deceased person being also
joined as plaintiffs, and the judgment excluding the admin-
istrator from any interest in the land. The error did not affect
the merits of the action, and is therefore not reversible.

2. ———: Revivor: No Change in Petition: Entitling Demurrer
as in Revival Order: Estoppel. Where the suit to set aside a
deed to land was brought by a guardian of an insane person,
and before trial she died, and the court entered an order reviv-
ing the cause in the name of her heirs and of her administrator,
and thereupon the defendant filed a demurrer, using as the
names of the plaintiffs the parties named in the order of re-
vivor, and alleging misjoinder, a judgment vesting the title in
the plaintiffs who were the actual heirs and excluding the
administrator, will not be reversed. Besides, since the de-
fendant used the same names mentioned in the order of revivor
in entitling his demurrer, he is in no position to complain of
the omission of the formalities of interlining those names in
the caption of the petition, the court having granted permis-
sion to make an interlineation in accordance with the order of
revivor, and defendant having by its demurrer treated that as
done.

3. ———: ———: Adapting Petition to New Plaintiffs. The fail-
ure of the plaintiffs, after the order reviving the cause in the
name of certain heirs and the administrator, to make verbal
changes in the body of the petition setting forth their rights
by succession to those of the deceased ancestor, will not re-
quire a reversal of a judgment rendered in their favor which
recites on its face that it was based upon a finding from the
evidence that plaintiffs were heirs at law of deceased. The
statute authorizes an amendment to the petition to conform

to the evidence, and where the judgment sets out *in extenso* a finding of all the facts necessary to its rendition defendant is not prejudiced by a judgment in accordance therewith, since the result would have been .the same had the petition been amended to embrace said findings.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. C. Growney* for appellant.

(1) There is a misjoinder of parties plaintiff to this action, for the reason that John Halasy, administrator of the estate of Bridget A. Halasy, deceased, has no interest in this suit, and this defect of parties plaintiff appearing upon the fact of the petition herein, the court erred in overruling defendant's demurrer. Thorp v. Miller, 137 Mo. 231; Hall v. Bank, 145 Mo. 424; Chambers v. Wright Heirs, 40 Mo. 482.  (2) There is not an allegation in plaintiff's petition upon which to predicate the judgment or decree rendered herein.  It is a judgment or decree not asked for by plaintiffs in the petition or bill upon which this cause was tried and it being wholly unauthorized and manifestly erroneous, the judgment must be reversed. Schneider v. Patton, 175 Mo. 723; Needles v. Ford, 167 Mo. 512; Newham v. Kenton, 79 Mo. 382; Reed v. Bott, 100 Mo. 62; Engine & Transfer Co. v. Donovan, 147 Mo. 633.

*Cook, Cummins & Dawson* for respondents.

(1) There is no misjoinder of parties plaintiff and no error was committed by the court in overruling the demurrer to the petition on this ground. The record shows that the subject-matter of the suit was real estate, which had been conveyed, and that while said cause was pending the plaintiff died and that John

Halasy was regularly appointed and qualified as administrator of her estate. There is nothing in the petition that shows but what there were outstanding debts against the estate of Bridget A. Halasy that might require the real estate to be sold by order of the probate court, for the purpose of enabling the administrator to pay the debts of the estate. The petition upon its face does not show that the personal estate of Bridget is sufficient to pay the estate's debts, and we contend that the administrator of the estate was properly joined with the heirs at law as parties plaintiff as against demurrer. Ulric v. Papen, 11 Mo. 43. (2) Where a plaintiff dies while the cause of action is pending and the suit is revived in the name of his heirs or personal representatives or both, no amendment of the petition is necessary, other than entitling the cause according to the character, in which the substituted party revives it. 1 Cyc. 115; 18 Ency. Pl. & Pr. 1143; Hoes v. Van Alstein, 20 Ill. 201; Crary v. Kurtz, 105 N. W. 590. (3) Where upon the whole record it is clearly manifest that the judgment is for the right party and that upon a rehearing the result would be the same, the case will not be reversed though error was committed at the trial. Lewis v. Curry, 74 Mo. 49; Bassett v. Groves, 31 Mo. App. 160; Conley v. Doyle, 50 Mo. 234; Glass Co. v. Sewing Machine Co., 88 Mo. 57; Lower v. Mining Co., 142 Mo. App. 351.

## STATEMENT.

This is a suit brought by the guardian of an insane person to set aside a deed to real estate, alleged to have been obtained by the brother of the insane person on the 20th day of August, 1909, at which date she was confined in a hospital for insane persons in the State of Iowa.

The allegations of the petition are: that on the said day the defendant appeared at the place where his sister was confined and procured her to accompany him to the city of Omaha in the State of Nebraska, well knowing her insanity, and fraudulently induced her to execute, sign and deliver a deed to the lands described in the' petition, subject to certain interests therein of another sister of the defendant, who was also insane.

The petition further alleges that the deed so made was without any consideration and is a cloud on the title of the insane ward of the plaintiff guardian and curator, prays that it be canceled and adjudged null and void by the court, and the title thereunder, be devised out of the defendant and vested in the said insane person, Bridget A. Halasy.

During the pending of this suit the insane person died and her guardian and curator was appointed administrator of her estate, and thereupon suggested her death and moved the court to revive the cause in the name of her heirs at law and in his own name as the administrator of her estate. Thereupon the trial court granted said motion in the following terms, to-wit:

"Proof of publication heretofore filed in this cause is by the court examined, considered and approved and defendant failing to show good and sufficient cause why this suit should not be revived as prayed, this cause is now, by the court, ordered revived in the name of John Halasy, Johannah Halasy, Abigail Halasy, an insane person, by John Halasy, her guardian, and John Halasy, administrator of the estate of Bridget A. Halasy, deceased, as parties plaintiffs."

And the court further gave leave to plaintiff to amend the petition by inserting in the caption thereof, as parties plaintiff, the names as set out in its order of revival.

Defendant filed in said cause a demurrer which was entitled as of the names which the action bore after its revival.

State of Missouri, County of Nodaway, ss.

In the Circuit Court, May Term, 1911. John Halasy, Administrator of the Estate of Bridget A. Halasy, Deceased, John Halasy, Guardian of Abigail Halasy, an Insane Person, John Halasy and Johanna Halasy, Plaintiffs, vs. Daniel Halasy, Defendant.

And which demurrer, in substance, alleges: first, that by the revival of said action, there was a misjoinder of parties plaintiff; second, that the petition failed to state facts sufficient to show that either of the parties plaintiffs were entitled to the relief prayed for. This demurrer was overruled, which action of the court, on his demurrer, defendant accepted and refused to plead further. Whereafter, the court heard evidence in the case introduced by plaintiffs and rendered judgment annulling the deeds executed to defendant, and divesting the title out of him and vesting it in the plaintiffs who were the heirs at law of the deceased insane person, according to their respective interests.

In making this finding the court excluded therefrom any consideration whatever of the administrator of the deceased insane person, but decreed a proper vestiture of title in her heirs at law.

The court further recited in its judgment a finding by it, from the evidence adduced, of the relationship and specific interests of the parties who were substituted as heirs at law for the deceased insane person, as well as the facts upon which its order of revival had been made; and recited a further finding, that on the day of the making of the deed to the defendant the grantor therein, Bridget A. Halasy, was an insane person, and at the time she delivered said deed to the defendant she was also insane and incapable of entering any kind of contract. That said deed was wholly

without consideration and is a cloud on the title of the plaintiffs to the land in suit. From that judgment the defendant appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above).— The contention of appellant is twofold: first, that the administrator was an unnecessary party to the revival of the action in the court below; second, that the body of the averments in the petition was not so changed as to set out the death of the insane plaintiff and the names of her heirs at law and their rights of succession as was set forth in the order of revival. To these in order.

It may be conceded that, under the allegations of this petition, the administrator of the deceased insane person, was an unnecessary party in the order reviving the action. But a demurrer for that fault did not go to the rights of the heirs at law mentioned in the revival to recover as the successors in title of the deceased. And it may be further conceded that the court erred in not sustaining so much of the demurrer as went to this misjoinder. But this technical error on the part of the trial court, even if it had not been cured by the judgment which was ultimately rendered, wherein the court left the administrator out of view, is not one which entitles appellant to a reversal of *that* judgment, for his rights are not materially prejudiced by it. And appellate courts will not reverse a judgment for the intervention of an error on the trial of a case which does not affect the merits of the action. [R. S. 1909, sec. 2082,] We think the first contention of appellant is an unfruitful and barren technicality, and we therefore disallow it.

Neither is there any substance in his second assignment of error. When this cause was revived in the lower court its order to that effect was a part of

the record proper, and became the future style of the case in all proceedings. This was understood by the defendant, for when he interposed his demurrers he filed them in the substituted style of the case, and he is not therefore in a position to complain of the omissions by plaintiff of the formalities of interlining in the caption of the old petition the names of the new plaintiffs which were substituted by the valid order of revival. The plaintiffs were permitted by the court to make an interlineation in accordance with its order of revival. The defendants having treated that as done, cannot assign errors for its omission. It would have been proper for plaintiffs to have made verbal changes in the body of their petition setting forth their rights by succession to those of their deceased ancestor. But this is not indispensable to the affirmance of a judgment rendered in their favor, which recites on its face that it was based upon a finding from the evidence of every fact necessary to prove that plaintiffs were the heirs at law of the deceased insane person. It would have been formally correct for plaintiffs, after the adduction of testimony, to have made such amendments of their petition as to make it conform to the evidence on the trial (R. S. 1909, sec. 1848), but inasmuch as the judgment itself sets out *in extenso* a finding of all the facts necessary to its rendition, it follows that defendant was not hurt by a judgment in accordance with those facts, since the result would have been the same if plaintiff, prior to its rendition, had made the formal amendments to its petition necessary to embrace the findings of the judgment. Moreover, when this judgment was rendered the caption and style of the action had been changed by the order of record duly made in the trial court. Taking the statements contained in the new title of the case in connection with the body of the petition, which was presumptively adopted by the new parties plaintiff, we are not prepared to say that the petition

and new caption, as a whole, were not sufficient under the liberal intendments of our statutes to support the finding and judgment of the court, without any mere verbal alterations to show the adaptation of the allegations of the petition to the new plaintiffs in the case.

We conclude that there is no merit in the final contention of appellant that the allegations of the petition did not warrant the judgment rendered. The conclusions reached by the learned trial judge were based upon undisputed evidence tending to support them. His judgment is for the right parties and is affirmed. All concur.